UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUYE LEE,<br>　　　Plaintiff,<br>　　v.<br>GREGORY S CLARK, et al.,<br>　　　Defendants. | Case No. 19-cv-02522-KAW<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 3 |

On May 10, 2019, Plaintiff Guye Lee filed a derivative complaint against certain members of nominal Defendant Symantec Corporation's Board of Directors, asserting breaches of fiduciary duties, insider trading, unjust enrichment, and violations of Securities Exchange Act § 14. (Compl. at 1, Dkt. No. 1.) Plaintiff also filed an administrative motion to file under seal, on the grounds that the complaint refers to information produced subject to a confidentiality agreement. (Dkt. No. 3 at 1.) Plaintiff attached a declaration stating that the information concerned Board of Directors meeting attendance and minutes, proprietary financial information, and other materials. (Portnoy Decl. ¶¶ 2-3, Dkt. No. 2.)

The Court DENIES the motion to file under seal without prejudice. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal quotation omitted). The burden is therefore on the party seeking to seal a judicial record to "overcom[e] this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual

findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotations omitted). "'"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

Here, Plaintiff seeks to seal a significant portion of the complaint, including the entirety of Paragraphs 85-103, 106-108, 110, 135-136, 140-148, 200-204, 206-210, 212-216, 218-222, 224-228, 230-234, 236-240, and 242-246. "This Court and other district courts in the Ninth Circuit have applied the compelling reasons standard to a motion to seal involving the filing of a complaint because a complaint is the foundation of a lawsuit." *Ponomarenko v. Shapiro*, Case No. 16-cv-2763-BLF, 2017 U.S. Dist. LEXIS 133560, at *7 (N.D. Cal. Aug. 21, 2017); *see also In re Google Inc. Gmail Litig.*, Case No. 13-md-2430-LHK, 2013 U.S. Dist. LEXIS 138910, at *11 (N.D. Cal. Sept. 25, 2013).

While Plaintiff asserts that the redactions concern information subject to a confidentiality agreement, this does not satisfy the compelling reasons requirement. *See No Cost Conf., Inc. v. Windstream Communs., Inc.*, 940 F. Supp. 2d 1285, 1308 (S.D. Cal. 2013) (denying motion to file under seal where "No Cost has not made a showing that outweighs the public interest beyond stating that the document is covered by the confidentiality agreement . . . . This threadbare argument is insufficient."). Per Civil Local Rule 79-5(d)(1)(A), "[r]eference to a stipulation . . . that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Moreover, no declaration has been filed by the designating party establishing that the designated material is in fact sealable. Civil L.R. 79-5(e). Indeed, it is not clear the designating party has had an opportunity to review the complaint and determine whether the redactions are in fact necessary. *Compare with City of Birmingham Relief & Ret. Sys. v. Hastings*, Case No. 18-cv-2107-BLF, 2018 U.S. Dist. LEXIS 64686, at *4 (N.D. Cal. Apr. 17, 2018) ("Netflix, as the designating party, timely filed declarations in support of Plaintiff's administrative motion to seal portions of the Complaint pursuant to the Confidentiality

Agreement."); *Guo v. Woodman*, Case No. 18-cv-920-MEJ, 2018 U.S. Dist. LEXIS 28065, at *3-4 (N.D. Cal. Feb. 21, 2018) (granting motion to file under seal where the designating party provided a declaration in support).

For that reason, the Court DENIES the motion to file under seal without prejudice. Any renewed motion to file under seal should be narrowly tailored to information that is sealable, and supported by a declaration with specific factual findings. Additionally, the motion to file under seal must comply with Civil Local Rule 79-5(d)(1)(D), which requires that the unredacted version "indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," as well as Civil Local Rule 79-5(d)(2), which requires the provision of a courtesy copy.

IT IS SO ORDERED.

Dated: May 29, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge