Walter F. Brown (SBN: 130248)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (626) 232-3101
wbrown@paulweiss.com

*Attorneys for Defendants*
*Frank E. Dangeard, Kenneth Y. Hao, David W. Humphrey, David L. Mahoney, Anita M. Sands, Daniel H. Schulman, V. Paul Unruh, Suzanne M. Vautrinot, Robert S. Miller, and Geraldine B. Laybourne*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| GUYE LEE, derivatively on behalf of SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>GREGORY S. CLARK, FRANK E. DANGEARD, KENNETH Y. HAO, DAVID W. HUMPHREY, DAVID L. MAHONEY, ANITA M. SANDS, DANIEL H. SCHULMAN, V. PAUL UNRUH, SUZANNE M. VAUTRINOT, NICHOLAS R. NOVIELLO, MARK S. GARFIELD, ROBERT S. MILLER, and GERALDINE B. LAYBOURNE,<br><br>    Defendants,<br><br>and<br><br>SYMANTEC CORPORATION,<br><br>    Nominal Defendant. | Civ. No. 3:19-cv-02522-WHA<br><br>**THE INDEPENDENT DIRECTORS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS VERIFIED AMENDED SHAREHOLDER DERIVATIVE COMPLAINT AND JOINDER IN SYMANTEC'S MOTION TO DISMISS**<br><br>The Hon. William Alsup<br><br>Date: November 10, 2022<br>Time: 8:00 a.m.<br>Place: Courtroom 12 – 19th Floor |

Defendants Frank E. Dangeard, Kenneth Y. Hao, David W. Humphrey, David L. Mahoney, Anita M. Sands, Daniel H. Schulman, V. Paul Unruh, Suzanne M. Vautrinot, Robert S. Miller, and Geraldine B. Laybourne ("Independent Directors"), hereby request that the Court consider certain documents incorporated by reference in Plaintiff's Verified Amended Shareholder Derivative Complaint ("Complaint" or "¶") and judicially notice certain documents submitted in support of the Independent Directors' Motion to Dismiss the Complaint and Joinder in the Motion to Dismiss filed by Symantec Corporation n/k/a NortonLifeLock, Inc. (the "Motion to Dismiss").  True and correct copies of the documents described herein are attached as exhibits to the Declaration of Matthew D. Stachel ("Stachel Declaration") filed contemporaneously herewith.

I.  **ARGUMENT**

On a motion to dismiss, a court may consider documents that are incorporated by reference in plaintiff's complaint, or that are proper for judicial notice under Federal Rule of Evidence 201.  *Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  For the Court's consideration, the Independent Directors submit documents both incorporated by reference into the Complaint and properly subject to judicial notice.  Consideration of all such documents in connection with the Motion to Dismiss is thus proper here.

**A.   The Court Should Consider All Documents Incorporated by Reference As If They Are Part of Plaintiff's Complaint.**

The Independent Directors request that the Court consider those documents that the Complaint quotes from, cites, and otherwise relies on, which are thus incorporated by reference and should be treated "as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *McGovney* v. *Aerohive Networks, Inc.*, No. 18-cv-00435-LHK, 2019 WL 8137143, at *7 (N.D. Cal. Aug. 7, 2019) (quoting *Khoja*, 899 F.3d at 1002).  The Ninth Circuit has explained that a document is incorporated by reference when the complaint "refers extensively to the document

or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (quoting *United States* v. *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  For reference to a document to be sufficiently "extensive," the complaint "must refer to the document 'more than once,' or alternatively, must include a lengthy reference." *McGovney*, 2019 WL 8137143, at *7 (quoting *Khoja*, at 1002-04).

In addition, a document cited only once—or not cited at all—may still be incorporated by reference where it forms the basis for the plaintiffs' claims.  As relevant here, courts have held that proxy statements and other public SEC filings challenged as allegedly false are documents that form the basis of plaintiffs' claims that defendants have violated federal and state law. *See Copeland* v. *Lane*, No. 5:11-cv-01058 EJD, 2012 WL 4845636, at *11 n.2 (N.D. Cal. Oct. 10, 2012) (considering proxy statements incorporated by reference where plaintiff asserted Section 14(a) claim challenging the proxy statements); *In re SunPower Corp. Sec. Litig.*, No. 16-cv-04710-RS, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (holding SEC filings incorporated by reference where "plaintiffs refer to [the filings] as the ground for SunPower's false statements and scienter").  Similarly, a defendant's Forms 4 filed with the U.S. Securities and Exchange Commission ("SEC") are properly incorporated by reference where, as here, "they are the only public source for the allegations concerning the sale dates, number of shares sold, and price per share." *Hampton* v. *Aqua Metals, Inc.*, No. 17-cv-07142-HSG, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020).  Likewise, the Ernst & Young LLP slide deck excerpted below forms the basis of Plaintiff's claims concerning what information Ernst & Young LLP presented to Symantec's Board of Directors and is quoted and cited at length in the Complaint.

Here, the Complaint quotes from, references extensively, and/or otherwise relies on to form the basis of plaintiff's claims all of the documents attached as Exhibit 2 through 7 and Exhibits 11 through 18 to the Stachel Declaration.

| Exhibit | Description | Complaint References |
|---|---|---|
| 2 | Press release issued by Symantec Corporation on September 24, 2018, entitled "Symantec Announces Completion of Audit Committee Investigation" | ¶¶ 7, 153–154, 157 |
| 3 | Excerpts of Symantec Corporation's Schedule 14A Definitive Proxy Statement, dated August 16, 2017, and filed with the SEC | ¶¶ 4, 9, 165–194, 209, 210, 217 |
| 4 | Excerpts of Symantec Corporation's Form 8-K, dated May 10, 2017, and filed with the SEC | ¶¶ 112–113 |
| 5 | Excerpts of Symantec Corporation's Form 8-K, dated August 2, 2017, and filed with the SEC | ¶ 119 |
| 6 | Excerpts of Symantec Corporation's Form 8-K, dated November 1, 2017, and filed with the SEC | ¶ 124 |
| 7 | Excerpts of Symantec Corporation's Form 8-K, dated January 31, 2018, and filed with the SEC | ¶ 138 |
| 11 | Form 4 Statement of Changes in Beneficial Ownership of Suzanne M. Vautrinot, dated July 5, 2017, and filed with the SEC | ¶ 207 |
| 12 | Form 4 Statement of Changes in Beneficial Ownership of Anita M. Sands, dated July 13, 2017, and filed with the SEC | ¶ 206 |
| 13 | Form 4 Statement of Changes in Beneficial Ownership of Anita M. Sands, dated July 18, 2017, and filed with the SEC | ¶ 206 |
| 14 | Form 4 Statement of Changes in Beneficial Ownership of Anita M. Sands, dated August 29, 2017, and filed with the SEC | ¶ 206 |
| 15 | Form 4 Statement of Changes in Beneficial Ownership of Anita M. Sands, dated September 19, 2017, and filed with the SEC | ¶ 206 |
| 16 | Form 4 Statement of Changes in Beneficial Ownership of Suzanne M. Vautrinot, dated October 3, 2017, and filed with the SEC | ¶ 207 |
| 17 | Form 4 Statement of Changes in Beneficial Ownership of Suzanne M. Vautrinot, dated March 12, 2018, and filed with the SEC | ¶ 207 |

| 18 | Excerpts of a slide deck prepared by Ernst & Young LLP entitled Non-GAAP Financial Measures Project Summary Presentation, which was publicly filed on March 19, 2021 in *Felix* v. *Symantec Corp.*, No. 3:18-cv-02902-WHA (N.D. Cal.), Dkt. 328, Ex. 52 | ¶¶ 127, 133, 135-136 |
|---|---|---|

Accordingly, each of the foregoing documents is incorporated by reference in the Complaint. In considering the Motion to Dismiss, the Court is not limited to considering only portions of the documents quoted or cited in the Complaint. *See Azar* v. *Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) ("[I]ncorporation by reference allows a court to properly consider a document in its entirety if the document is referenced in the complaint.") (alteration and internal quotation marks omitted); *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 919 (N.D. Cal. 2020) ("[U]nder the doctrine of incorporation by reference, it is proper for a court to consider exhibits submitted with the complaint and documents whose contents are alleged in the complaint when their authenticity is not questioned."). The Court also "need not accept as true [Plaintiff's] allegations . . . that are contradicted by" incorporated documents. *Philco Invs., Ltd.* v. *Martin*, No. 10-cv-02785 CRB, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (internal quotations and citation omitted).

### B. The Court Should Take Judicial Notice of Symantec's SEC Filings, Certificate of Incorporation, Press Release, and Court Records.

The Independent Directors also request that the Court take judicial notice of the documents discussed below. Judicial notice is proper under Federal Rule of Evidence 201 where a fact is "not subject to reasonable dispute," i.e., when it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is proper "at any stage of the proceeding," Fed. R. Evid. 201(d), including a motion to dismiss. *Khoja*, 899 F.3d at 999. "Publicly accessible websites and news articles are among the proper subjects of judicial notice." *Diaz* v. *Intuit, Inc.*, No. 5:15-cv-01778-EJD, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018). All exhibits attached to the Stachel Declaration are properly subject to judicial notice.

1  Exhibit 1 is a copy of excerpts of Symantec's Amended and Restated Certificate of
2  Incorporation, which contains a provision pursuant to 8 *Del. C.* § 102(b)(7) exculpating
3  Symantec's directors from personal liability in certain scenarios relevant here.  The certificate of
4  incorporation is publicly available and was filed with the Delaware Secretary of State on
5  September 20, 2004.  "[C]ourts routinely consider a company's certificate of incorporation and
6  bylaws in assessing a motion to dismiss a derivative suit." *In re Facebook, Inc. S'holder*
7  *Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019).

8  Exhibit 2 is a publicly available press release issued by Symantec that is "not subject to
9  reasonable dispute." Fed. R. Evid. 201(b).  This exhibit is cited to show Symantec's disclosures
10 regarding its Audit Committee's 2018 investigation, which is the subject of the Complaint.  It is
11 properly subject to judicial notice.  *Golub* v. *Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D.
12 Cal. 2019) (finding press release referenced in complaint capable of consideration on motion to
13 dismiss), *aff'd*, 994 F.3d 1102 (9th Cir. 2021), and *aff'd*, 847 F. App'x 368 (9th Cir. 2021).

14 Exhibits 3 through 7 are excerpts of public disclosures that Symantec filed with the SEC,
15 namely the 2017 proxy statement (Exhibit 3) and Forms 8-K that plaintiff challenges as
16 purportedly false and misleading (Exhibits 4 through 7).  Each of these is properly subject to
17 judicial notice, as courts have routinely held, for purposes of considering what was disclosed by
18 Symantec.  *See, e.g.*, *Dreiling* v. *Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *Metzler*
19 *Inv. GMBH* v. *Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *In re Facebook,*
20 *Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019).

21 Exhibits 8 through 17 are Forms 4 that Symantec filed with the SEC, which detail certain
22 stock sales by Directors Sands and Vautrinot and show that each sale was made pursuant to
23 preexisting Rule 10b5-1 trading plans.  These filings are publicly available and their content is
24 not subject to reasonable dispute.  *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988
25 (N.D. Cal. 2017) (holding that Forms 4 are judicially noticeable even when not referenced in
26 pleadings); *Park* v. *GoPro, Inc.*, No. 18-cv-00193-EMC, 2019 WL 1231175, at *7 (N.D. Cal.,

1  2019) (taking judicial notice of Forms 4 to provide relevant information concerning whether
2  Defendants sold their shares pursuant to a 10b5-1 plan).
3        Exhibit 18 is an excerpt of a slide deck prepared by Ernst & Young LLP entitled Non-
4  GAAP Financial Measures Project Summary Presentation, which was publicly filed on March
5  19, 2021 in *Felix* v. *Symantec Corp.*, No. 3:18-cv-02902-WHA (N.D. Cal.), Dkt. 328, Ex. 52,
6  and is incorporated in the Complaint.  The exhibit is submitted to show what information was
7  provided to the Symantec Board of Directors.  Courts routinely take judicial notice of documents
8  filed in federal court.  *See Brodsky* v. *Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009)
9  (taking judicial notice of exhibits to declarations); *Goodin* v. *Vendley*, 356 F. Supp. 3d 935, 942
10 n.2 (N.D. Cal. 2018) ("The court may take judicial notice of matters in the public record which
11 includes proceedings in other cases.").

12 **II.**    **CONCLUSION**
13       The Independent Directors respectfully request that the Court consider those exhibits to
14 the Stachel Declaration incorporated by reference and take judicial notice of all exhibits to the
15 Stachel Declaration in connection with the Motion to Dismiss.

Dated:  August 1, 2022

Respectfully submitted,

PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP

By: */s/ Walter F. Brown*
Walter F. Brown (SBN: 130248)
535 Mission Street, 24th Floor
San Francisco, CA  94105
Telephone: (628) 432-5100
Facsimile: (626) 232-3101
wbrown@paulweiss.com

Gregory F. Laufer (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: (212) 373-3441
Facsimile: (212) 492-0441
glaufer@paulweiss.com

Matthew D. Stachel (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
500 Delaware Avenue, Suite 200, P.O. Box 32
Wilmington, DE  19899-0032
Telephone: (302) 655-4423
Facsimile: (302) 397-2682
mstachel@paulweiss.com

*Attorneys for Defendants
Frank E. Dangeard, Kenneth Y. Hao, David W. Humphrey, David L. Mahoney, Anita M. Sands, Daniel H. Schulman, V. Paul Unruh, Suzanne M. Vautrinot, Robert S. Miller, and Geraldine B. Laybourne*